**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 13 |
| **WILSON C. JOHNSON, III,** | ) | |
| **JEANNE B. JOHNSON,** | ) | |
| | ) | CASE NO. 10-30615-DHW |
| **Debtors** | ) | |

### RESPONSE TO DEBTOR'S OBJECTION TO CLAIM NO. 9 OF THE INTERNAL REVENUE SERVICE

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, on behalf of the United States Department of the Treasury, Internal Revenue Service (Service) and moves this Honorable Court and in response to Debtors' Objection to Claim No. 9 of the Internal Revenue Service would state as follows:

1. On March 11, 2010, the Debtors filed for Chapter 13 relief and proposed a Zero per cent Plan which provided for a priority claim of the Service listed in the amount of $16,000.00 by specified monthly payments of $260.00. The Plan was initially set for confirmation on May 24, 2010 in Montgomery, Alabama. The Plan failed to address the secured claims of the Service. [Docs. # 1, 2, 9].

2. On April 21, 2010, the Service timely filed a Proof of Claim in the total amount of $20,859.90 all of which was classified as secured as Notices of Federal Tax Liens were filed with the Office of the Judge of Probate of Elmore County, Alabama. Because, the Debtors according to their Schedules, had an equity cushion of $20,000.00 in real estate and personalty with a value in excess of $7,537.00, the claim of the Service was fully secured. [Claim # 9-1].

3. On May 5, 2010, the Debtors filed the instant Objection to Claim No. 9 of the Internal Revenue Service on the grounds that they had filed amended tax returns for tax years 2006 and 2007. The Debtors assert that these amended returns would show that the Debtors had no tax liability for tax years 2006 and 2007. The facts as set out below do not support these assertions. [Doc. # 24].

4. On March 11, 2010; at the time that the Debtors filed for bankruptcy relief, they listed, and their Plan provided for, a priority debt to the Service in the amount of $16,000.00 for income tax liabilities for tax years 2006 and 2007. The Proof of Claim of the Service reflects that the tax liability for tax year 2006 was assessed on September 22, 2008, while the tax liability for tax year 2007 was assessed on June 30, 2008. The Notice of Federal Lien for both years was filed on February 26, 2010. [Proof of Claim # 9].

5. Records of the Service reflect that the Debtors filed their 2006 tax returns on March 16, 2007, which resulted in a refund in the amount of $3,059.00. On May 29, 2008, the Debtors filed an amended 2006 return which reflected a balance due of $10,775.00. On December 9, 2009, the Debtors filed another amended 2006 return which reduced the tax by more than $5,000.00. This most recently amended return was forwarded to the examination unit for review. No decision had been made as of May, 2010.

6. Records of the Service reflect that the Debtors untimely filed their 2007 return on June 30, 2008. They filed an amended 2007 return on November 18, 2009 which was forwarded to the examination unit. No decision had been made as of May, 2010. The Account Transcript for both tax years 2006 and 2007are available to the Debtors and their attorney via the website of the Service.

2

7. Under Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, the claim of the Service constitutes prima facie evidence of the validity and the amount of the claim. The proof of claim filed by the Service is "strong enough to carry over a mere formal objection without more." In re Holm, 931 F.2d 620, 623 (9th Cir. 1991). The Debtors have the burden to overcome the claim. See United States v. Kiester, 182 B.R. 52, 53 (M.D. Fla. 1995). An objection to claim, without substantial evidence to support an objection, is insufficient to deprive the claim of its presumptive validity. See In re Hemingway Transp., Inc., 993 F.2d 915, 925 (1st Cir., 1993) (case involves sale of bankruptcy property subject to EPA CERCLA "clean up" provisions), cert. denied by Kahn v. Juniper Development Group (on cross appeal filed against debtor's successor, Juniper Development Group, by Chapter 7 Trustee Kahn) 510 U.S. 914 (1993); In re Bertelt, 206 B.R. 5798, 584 (Bankr. M.D. Fla., 1996). "The burden of proof is on the objecting party to produce evidence 'equivalent in probative value to that of the creditor to rebut the prima facie effect of the proof of claim. However, the burden of ultimate persuasion rests with the claimant.' " quoting In re Busch, 213 B.R. 390, 392 (Bankr. M.D. Fla., 1997) quoting from In re Homelands of DeLeon Springs, Inc., 190 B.R. 666, 668 (Bankr. M.D. Fla. 1995) citing In re VTN, Inc., 69 B.R. 1005 (Bankr. S.D. Fla. 1987).

8. The Service opposes the relief sought by the Debtors.

Respectfully submitted this the 20th day of May, 2010.

                           LEURA G. CANARY
                           UNITED STATES ATTORNEY


                           /S/ Patricia Allen Conover
                           Patricia Allen Conover
                           Assistant United States Attorney
                           ASB 2214-R64P
                           Patricia.Conover@usdoj.gov

P.O. Box 197
Montgomery AL 36101-0197
Telephone: 334-223-7280
Facsimile: 334-223-7201

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 20th day of May, 2010, I served a copy of the foregoing document, Response to Objection to Claim No. 9 of the Internal Revenue Service, on all parties listed below by the methods stated:

| | |
|---|---|
| Teresa Jacobs<br>U.S. Bankruptcy Administrator<br>One Church Street<br>Montgomery, AL 36104<br>[electronic filing] | Richard D. Shinbaum<br>Attorney for the Debtor<br>Shinbaum, McLeod & Campbell<br>P.O. Box 201<br>Montgomery, AL 36101<br>[electronic filing] |
| Curtis C. Reding<br>Chapter 13 Trustee<br>P. O. Box 173<br>Montgomery, AL 36101<br>[electronic filing] | Wilson C. Johnson, III<br>Jeanne B. Johnson<br>21 Flagstone Drive<br>Wetumpka, AL 36093<br>[United States Postal Service] |

                           /S/ Patricia Allen Conover
                           PATRICIA ALLEN CONOVER
                           Assistant United States Attorney